WATKINS, Judge.
This is an action for worker’s compensation brought by Anthony Bolden against his former employer, Gemoco, Inc., and his former employer’s worker’s compensation insurer, Northwest Insurance Company. The trial court denied benefits. We affirm.
Mr. Bolden was employed by Gemoco as a warehouseman when, on January 9, 1980, Mr. Bolden injured his back while picking up boxes.
Mr. Bolden was kept on the Gemoco payroll and returned to light duty in February 1980. Plaintiff complains he was in pain the entire time and is still in pain. He finally discontinued working August, 1981.
Mr. Bolden went to see Dr. Christopher Cenac, an orthopaedic surgeon of Houma, who ran multiple tests on two occasions, once in 1980 and once in 1981. These tests included an EMG, CT scan, and myelo-gram. All the tests were negative. Dr. Cenac, who was a company physician for Gemoco, testified by deposition that in his opinion the pain complained of had no objective basis, and strongly suggested Bol-den was a malingerer.
Dr. Pete Rhymes, an orthopaedic surgeon of Houma, a physician of Mr. Bol-den’s own choosing, saw Mr. Bolden from September 1981 until February 1983. Dr. Rhymes likewise ran multiple tests on Mr. Bolden, which were likewise negative. Dr. Rhymes, who testified live at trial on the merits, appeared to some degree to be of the view that Mr. Bolden was really experiencing pain, but testified that the pain had no objective basis and his finding of pain was based purely on Mr. Bolden’s recitation of alleged symptoms to him as a physician.
Mr. Bolden testified live at trial on the merits, and indicated he was still in pain. His testimony, although not entirely unconvincing, was obviously not believed by the trial judge, who found that Bolden had indeed sustained an injury to his back, from which he had recovered as of April 30, 1980, without continuing disability.
Counsel for plaintiff contends that Dr. Rhymes’ testimony was in conflict with that of Dr. Cenac, and that the trial court erred in preferring the testimony of Dr. Cenac to that of Dr. Rhymes. It is true that the trial court indicated that the testimony of the two physicians conflicted, and that the trial court accepted the testimony of Dr. Cenac as being correct. However, there is no real conflict between the physicians as to objective fact. Both performed tests, which were entirely negative. Dr. Rhymes testified his opinion that Mr. Bol-den was indeed in pain was based solely upon his patient's recitation of pain, not upon objective examination or testing. The trial court, which observed Mr. Bolden on the stand, obviously believed that there was no objective permanent injury, and that Mr. Bolden was not experiencing pain. In that view, we cannot say the trial court, which had the benefit of observing Bolden on the stand, was clearly wrong or manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Thus, there being no manifest error, we must affirm.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.